IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| VANESSA GOOD, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 2:16-cv-00507 |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Vanessa Good, by counsel and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1.  Plaintiff Vanessa Good is a resident of the State of Illinois who was formerly employed by the Defendant.

2.  Defendant, FedEx Ground Package System, Inc. (hereinafter referred to as "FedEx Ground") is an employer as defined by 49 U.S.C. 2000e(b), 29 U.S.C. § 626, *et. seq.* and 29 U.S.C. § 206, *et. seq.* that conducts business in the State of Indiana.

3.  Ms. Good invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331.

4.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

5.  Good, an African-American female over the age of forty (40), was hired by FedEx Ground in July 2007 and promoted to Outbound Manager in 2013.

6.  Plaintiff, at all relevant times met or exceeded the legitimate employment expectations of the Defendant.

7.  In 2013, Plaintiff's manager retired and Plaintiff ran her department without supervision and improved the department by hitting targeted metrix.

8.  In 2014, Defendant replaced the retired manager.

9.  In July 2015, Plaintiff utilized family medical leave in order to have surgery.

10.  Plaintiff returned from family medical leave in July of 2015 and was placed on a performance improvement plan.

11.  On or about January 19, 2016, Defendant terminated Plaintiff's employment and replaced her with a younger white male.

12.  On or about May 19, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("Charge Number 470-2016-01938") alleging violations of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964.

13.  On or about September 27, 2016, the Equal Employment Opportunity Commission issued Plaintiff a right to sue on Charge Number 470-2016-01938.

COUNT I

14.  Plaintiff incorporates by reference paragraphs one through thirteen above.

15.  Defendant's decision to terminate Plaintiff and replace her with a male was motivated by her sex and/or gender.

16.  Defendant's actions violate Title VII of the Civil Rights Act of 1964 42 U.S.C. §2000(e) *et. seq.*

17.  Defendant's actions were willful and with reckless disregard for Plaintiff's rights.

18.  As a result of Defendant's actions, Plaintiff has suffered damages including but not limited to lost wages and benefits, compensatory damages, punitive damages, and attorney fees.

## Count II

19.  Plaintiff incorporates by reference paragraphs one through eighteen above.

20.  Plaintiff belongs to a protected class by way of her age.

21.  Defendant's decision to terminate Plaintiff was motivated by her age.

22.  Similarly situated employees outside the protected class were treated more favorably than Plaintiff.

23.  Defendant, FedEx Ground, willfully violated the Age Discrimination in Employment Act when it terminated Plaintiff and replaced her with a younger employee.

24.  As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, liquidated damages, costs and attorney fees.

## Count III

25.  Plaintiff incorporates by reference paragraphs one through twenty-four above.

26.  Plaintiff belongs to a protected class by way of her race and color.

27.  Defendant's decision to terminate Plaintiff and replace her with a white employee was motivated by her race and/or color.

28.  Similarly situated employees outside of Plaintiff's protected class(es) were treated more favorably than Plaintiff.

29.  Defendant willfully violated Title VII of the Civil Rights Act of 1964 when it terminated Plaintiff's employment.

30.  As a result of the foregoing, Plaintiff sustained damages including, but not limited to, lost wages, back pay, front pay, benefits, compensatory damages, costs and attorney fees.

## Count IV

31.  Plaintiff incorporates by reference paragraphs one through thirty above.

32.  Plaintiff entered into a contractual relationship with the Defendant wherein Plaintiff would provide labor in exchange for wages.

33.  Plaintiff performed her work in a satisfactory manner but was terminated and replaced by a white employee.

34.  Defendant based its decision to terminate Plaintiff on her race.

35.  Defendant's actions are in violation of 42 U.S.C. § 1981.

36.  Defendant's actions were willful and in reckless disregard for Plaintiff's rights.

37.  As a result of Defendant's actions, Good has suffered damages, including but not limited to lost wages and benefits, mental and emotional damages, liquidated damages, compensatory damages, punitive damages and attorney fees.

## Count V

38.  Plaintiff incorporates by reference paragraphs one through thirty-seven above.

39.  During her employment with Defendant, Plaintiff utilized approved Family Medical Leave.

40.  Plaintiff suffered an adverse employment action when Defendant placed her on a performance improvement plan and terminated her employment when she returned from family medical leave.

41. Plaintiff:

    A. Was treated less favorably than employees who had not requested or were in need of leave under the FMLA; or

    B. Suffered an adverse employment decision because of her request or need for leave under the FMLA; or

    C. Suffered an adverse employment decision for taking leave under the FMLA and because of her perceived need for leave under the FMLA.

42. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of unpaid wages, liquidated damages, back pay, compensatory damages, punitive damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

### REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
David M. Henn, #18002-49
Paul J. Cummings, #22713-41

HENN HAWORTH CUMMINGS & PAGE
625 N. Madison Avenue, Ste. A
Greenwood, Indiana  46142
(317) 885-0041
(888) 308-6503 Fax